UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY O. CHIBUZOR,

                    Plaintiff,

          -against-

DR. STEVEN CORWIN; CURTIS KELLNER;
DR. DIANA HU,

                    Defendants.

20-CV-9643 (JMF)

ORDER OF DISMISSAL

JESSE M. FURMAN, United States District Judge:

        Plaintiff, proceeding without counsel, brings this action, for which the filing fee has been

paid, alleging that Defendants discriminated against him on the basis of his sex in violation of

Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights

Law ("NYSHRL").[1]  For the reasons set forth below, the Court dismisses the amended

complaint, but it grants Plaintiff leave to replead his claims within sixty days.

## STANDARD OF REVIEW

        The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *see Fitzgerald v. First E. Seventh Tenants*

*Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16-17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *see Ruhrgas AG v.*

*Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court is obliged, however, to construe *pro se*

---

[1]      On November 16, 2020, Plaintiff filed the original complaint.  On November 17, 2020,
he filed an amended complaint, along with a letter explaining that he mistakenly dropped off the
original documents at the wrong building. *See* ECF No. 2.  Both the original complaint and the
amended complaint were docketed, and they appear to be identical.

pleadings liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, a former pharmacy technician at New York Presbyterian Hospital, alleges that he was fired after being "harassed by a female employee." ECF No. 3, at 17. On August 17, 2019, as Plaintiff was compounding a medication in the "biological safety cabinet (the hood)," pharmacist Diana Hu "rushed into" Plaintiff and "punched/poked/hit" him in the left side of his stomach. *Id.* at 10. Plaintiff was "jolted" and "felt some shift of weight on the medication bin/tray which [he was] holding with [his] right hand; [Plaintiff] returned [his] left hand to the bin and there and behold, Diana was pulling the bin away from the hood." *Id.* Hu told Plaintiff that she wanted someone else to compound the medication and left the room.

Later that day, security officers told Plaintiff that he was to be sent home over the incident and escorted him out of the hospital. On August 22, 2019, Plaintiff was suspended and, on September 4, 2019, he was fired by pharmacy director Curtis Kellner. The amended complaint is confusing, but Plaintiff appears to suggest that the initial incident arose from a disagreement over medication labels that he believes may have "ruffled the ego of the pharmacists," including Hu. *Id.* at 11. Plaintiff maintains that Hu "rushed at" him and that any contact between them was caused by Hu "violating [his] space and her harassing behavior." *Id.* at 12. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"), and the EEOC issued a notice of right to sue on August 13, 2020. Plaintiff received the notice on August 20, 2020.

## DISCUSSION

### A. Proper Defendants

Plaintiff's complaint does not name the proper defendants for his Title VII claims.  It is well established that individuals cannot be held liable under Title VII.  *See, e.g.*, *Lore v. City of Syracuse*, 670 F.3d 127, 169 (2d Cir. 2012).[2]  Instead, "the only proper defendant in a Title VII claim is the plaintiff's employer."  *Mira v. Kingston*, 218 F. Supp. 3d 229, 235 (S.D.N.Y. 2016), *aff'd*, 715 F. App'x 28 (2d Cir. 2017) (summary order), *cert. denied*, 139 S. Ct. 126 (2018). Because Plaintiff names only individuals as Defendants, the Court dismisses his Title VII claims for failure to state a claim on which relief may be granted.  If Plaintiff repleads his Title VII claims, he must name his former employer as a Defendant.

### B. Discrimination Claims

Title VII provides that "[i]t shall be an unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."  42 U.S.C. § 2000e-2(a).  These antidiscrimination provisions prohibit employers from mistreating an individual because of the individual's protected characteristics, *see Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic

---

[2]     Individuals who actually participate in discriminatory conduct may be held personally liable under the NYSHRL.  *See Feingold v. New York*, 366 F.3d 138, 157-158 (2d Cir. 2004).

or opposition to unlawful conduct is not actionable under these federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, "a plaintiff must plausibly allege that (1) the employer took adverse employment action against him, and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015).  The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

Here, Plaintiff fails to allege any facts suggesting that his sex was a motivating factor in the decision to terminate his employment.  Plaintiff simply alleges that he was suspended and then fired after a female employee "punched/poked/hit" him in the side and then reported the incident to security.  ECF No. 3, at 10.  Other than stating that the other employee was female, Plaintiff alleges no facts suggesting his sex had any bearing whatsoever on the events alleged in the complaint.  And the mere fact that he had an incident or disagreement with an employee of the opposite sex does not suggest that his sex was a motivating factor in his termination.  *See, e.g.*, *Amofa v. Bronx-Lebanon Hosp. Ctr.*, No. 05-CV-9230  (SHS), 2006 WL 3316278, at *3 (S.D.N.Y. Nov. 13, 2006) (finding that the "mere fact" that a plaintiff and supervisor with whom he argued were of different races was not evidence of discriminatory conduct); *George v. New York City Health & Hosp. Corp.*, No. 02-CV-1818 (AGS), 2003 WL 289617, at *3 (S.D.N.Y. Feb. 11, 2003) ("The mere fact that plaintiff and her supervisor were not of the same race . . . does not, in and of itself, indicate that the supervisor's conduct towards plaintiff was motivated by discrimination.").  Moreover, the complaint alleges that it was not a female, but

4

another male — Mr. Curtis Kellner — who made the decision to terminate Plaintiff's employment, further undermining the plausibility of his assertion that he was fired because of his sex. *See Chi Ho Lin v. New York City Admin. For Children's Servs*., No. 99-CV-10304 (LAP), 2003 WL 21973361, at *7 n.2 (S.D.N.Y. Aug. 19, 2003) (noting that "many of the events about which plaintiff complains involved actions taken by [a supervisor] who is of both the same race and national origin as plaintiff").

Because Plaintiff fails to allege facts suggesting that his employer discriminated against him on the basis of his sex, the Court dismisses his Title VII claims for failure to state a claim on which relief may be granted.

## C.  Supplemental Jurisdiction

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## D.  Leave to Amend

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

5

defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.

USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  The Court therefore grants Plaintiff

leave to replead his claims **within sixty days**.

In the statement of claim, Plaintiff must provide a short and plain statement of the

relevant facts supporting each claim against each defendant named in the second amended

complaint.  Plaintiff is also directed to provide the addresses for any named defendants.  To the

greatest extent possible, Plaintiff's second amended complaint must:

    a)  give the names and titles of all relevant persons;

    b)  describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

    c)  give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

    d)  give the location where each relevant event occurred;

    e)  describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

    f)  state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief.  **Because Plaintiff's second amended complaint will completely replace, not**

**supplement, the amended complaint, any facts or claims that Plaintiff wishes to maintain must be included in the second amended complaint.**

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.  The Court dismisses the complaint for failure to state a claim, but grants Plaintiff leave to replead his claims **within sixty days**.

The Court declines to exercise supplemental jurisdiction over any state-law claims Plaintiff may be asserting.  *See* 28 U.S.C. 1367(c)(3).

Plaintiff must submit any second amended complaint to this Court's Pro Se Intake Unit **within sixty days** of the date of this Memorandum Opinion and Order, caption the document as a "Second Amended Complaint," and label the document with docket number 20-CV-9643 (JMF).  A Second Amended Complaint for Employment Discrimination form is attached to this order.  No summons will issue at this time.

If Plaintiff fails to file a second amended complaint within the time allowed, and he cannot show good cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment in accordance with this Order and close this action without further notice.

In light of the current global health crisis, parties proceeding *pro se* are encouraged to submit all filings by email to Temporary_Pro_Se_Filing@nysd.uscourts.gov.  *Pro se* parties also are encouraged to consent to receive all court documents electronically.  A consent to electronic service form is available on the Court's website.  *Pro se* parties who are unable to use email may submit documents by regular mail or in person at the drop box located at the U.S. Courthouses in Manhattan (500 Pearl Street) and White Plains (300 Quarropas Street).  For more information, including instructions on this new email service for *pro se* parties, please visit the Court's website at nysd.uscourts.gov.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would

not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:     November 23, 2020
           New York, New York

_____
JESSE M. FURMAN
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

_____CV_____

(Include case number if one has been
assigned)

Do you want a jury trial?

☐ Yes      ☐ No

## EMPLOYMENT DISCRIMINATION COMPLAINT

| NOTICE |
|---|
| The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2. |

## I.      PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

First Name                          Middle Initial            Last Name

Street Address

County, City                                        State                          Zip Code

Telephone Number                          Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

Name

Address where defendant may be served

County, City                                        State                          Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                                        State                          Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State              Zip Code

## II.   PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____
Name

_____
Address

_____
County, City                    State              Zip Code

## III.   CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☐   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

      The defendant discriminated against me because of my (check only those that apply and explain):

      ☐   race: _____

      ☐   color: _____

      ☐   religion: _____

      ☐   sex: _____

      ☐   national origin: _____

☐ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☐ Other (may include other relevant federal, state, city, or county law):

_____

Page 4

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment
actions against me (check only those that apply):

☐   did not hire me

☐   terminated my employment

☐   did not promote me

☐   did not accommodate my disability

☐   provided me with terms and conditions of employment different from those of
similar employees

☐   retaliated against me

☐   harassed me or created a hostile work environment

☐   other (specify): _____

_____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should
explain what actions defendants took (or failed to take) *because of* your protected
characteristic, such as your race, disability, age, or religion. Include times and locations, if
possible. State whether defendants are continuing to commit these acts against you.

_____

_____

_____

_____

_____

_____

As additional support for your claim, you may attach any charge of discrimination that you filed
with the U.S. Equal Employment Opportunity Commission, the New York State Division of
Human Rights, the New York City Commission on Human Rights, or any other government
agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☐    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?  _____

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☐    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?  _____

When did you receive the Notice?  _____

☐    No

## VI.   RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☐    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

_____

_____

_____

_____

Page 6

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | | Plaintiff's Signature |
|---|---|---|
| First Name | Middle Initial | Last Name |
| Street Address | | |
| County, City | State | Zip Code |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____

_____
Name (Last, First, MI)

_____
Address            City              State            Zip Code

_____
Telephone Number             E-mail Address

_____
Date                      Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007