UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY O. CHIBUZOR,

                Plaintiff,

-against-

DR. STEVEN CORWIN et al.,

                Defendants.

20-CV-9643 (JMF)

ORDER OF DISMISSAL

JESSE M. FURMAN, United States District Judge:

On November 16, 2020, Plaintiff, proceeding without counsel, brought this action, for which the filing fee has been paid, alleging that Defendants had discriminated against him on the basis of his sex in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York State Human Rights Law ("NYSHRL"). ECF No. 1. On November 23, 2020, the Court dismissed Plaintiff's Title VII claim because the Amended Complaint "fail[ed] to allege any facts suggesting that his sex was a motivating factor in the decision to terminate his employment." *Chibuzor v. Corwin*, No. 20-CV-9643 (JMF), 2020 WL 6905304, at *2 (S.D.N.Y. Nov. 23, 2020) (ECF No. 5). Because Plaintiff was proceeding *pro se*, however, the Court granted him leave to amend his complaint within sixty days. *Id.* at *3. On February 22, 2021, after receiving a *nunc pro tunc* extension of time, *see* ECF No. 7, Plaintiff filed a Second Amended Complaint, ECF No. 9 ("SAC").

Plaintiff's Second Amended Complaint suffers from the same fundamental defect as his previous complaint: It fails to allege any facts supporting an inference that his employer discriminated against him on the basis of his sex. Although Plaintiff invokes "societal cries about 'what happened to a lady' or perceived 'sexual harassment'" as factors that could have influenced the decision to terminate his employment, he pleads no facts to support these

speculative assertions.  SAC 7.  "[E]ven pro se plaintiffs asserting civil right claims" must plead "factual allegations sufficient to raise a 'right to relief above the speculative level'" in order to survive dismissal.  *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Because Plaintiff fails to do so, the Court dismisses the Second Amended Complaint, with prejudice as to Plaintiff's Title VII claim.  *See, e.g.*, *Lyons v. City of New York*, No. 14-CV-9697 (JMF), 2016 WL 3647694, at *4 (S.D.N.Y. June 30, 2016) ("Plaintiff's failure to fix deficiencies in his previous pleadings is alone sufficient ground to deny leave to amend *sua sponte* . . . ." (internal quotation marks omitted)).  The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim, *see* 28 U.S.C. 1367(c)(3), which is dismissed without prejudice to refiling in state court.

   The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to mail a copy of this order to Plaintiff.

   SO ORDERED.

Dated: April 8, 2021
   New York, New York

                   JESSE M. FURMAN
                   United States District Judge